**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL J. VICKERS, | : | CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. §§ 1981, 1983, 1985 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| K.R. KNAPP and | : | 1:10-CV-3346-AT |
| D. JENKINS, | : | |
|     Defendants. | : | |

## ORDER

In 2010, Michael Vickers filed a civil rights complaint asserting eleven claims against six defendants [1].[1] After Mr. Vickers was granted permission to proceed IFP [4], the Court reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed eight claims and four defendants, permitting this case to proceed only on the false arrest, false imprisonment, and excessive force claims against Atlanta City Police Officers K.R. Knapp and D. Jenkins [7]. This matter is now before the Court on the Defendants' Motion for Summary Judgment [44], a Final Report and Recommendation recommending that summary judgment be granted [54], Mr. Vicker's Objections [56], and the Defendants' Response [57].

---

[1] As noted in the Final Report and Recommendation filed in this case, three other civil rights complaints filed by Mr. Vickers in separate cases have been dismissed. *See* [54 at 1 n.1].

The Court has reviewed *de novo* "those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). For the following reasons, Mr. Vickers' objections will be overruled.

The Final Report and Recommendation recounted the material facts in this case that are undisputed, with citations to the record. *See* [54 at 3-6]. Mr. Vickers did not object specifically to any of those proposed findings. Rather, Mr. Vickers proffered a "Statement of Facts," comprised primarily of legal conclusions,[2] without citing *any* supporting material in the record. *See* [56 at 3-4]. This mirrored Mr. Vickers' failure in his Response to the Defendant's Motion for Summary Judgment to identify any genuine dispute of material fact by "citing to particular parts of materials in the record, . . . or showing that the materials cited do not establish the absence . . . of a genuine dispute." *See* Fed. R. Civ. P. 56(c)(1). In the absence of any specific objections supported by material in the record, the Court adopts, approves, and relies upon on the chronology of events set forth in the Final Report and Recommendation.

---

[2] *See, e.g.*, [56 at 3-4 ("Vickers was . . . falsely accused"; "Plaintiff was . . . unlawfully arrested"; "Officers Knapp and Jenkins proceeded to use excessive force to effectuate the unlawful arrest").

2

Mr. Vickers raises four principal objections to the Final Report and Recommendation's conclusion that the Defendants' Motion for Summary Judgment should be granted.  First, Mr. Vickers argues that the Final Report and Recommendation erred in concluding that the Defendants are entitled to qualified immunity because this Court "can be presumed to have contemplated the scope of qualified immunity . . . and determined [Officers Knapp and Jenkins] were not protected under this standard" [56 at 7] when it permitted him to proceed in this case.  Mr. Vickers is mistaken.  In conducting a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) of a multi-count complaint to determine whether any of the claims should be dismissed as (1) frivolous or malicious or (2) for failure to state a claim upon which relief may be granted, a Court need not consider the applicability of qualified immunity. Rather, the defense of qualified immunity is one that is typically raised in a defendant's first responsive pleading and considered – as here – when a dispositive motion is filed.  Mr. Vicker's objection to the Final Report and Recommendation on this basis is meritless.

Second, Mr. Vickers contends that the Final Report and Recommendation should be rejected because the dismissal of his other eight

3

claims "severely hindered and impaired plaintiff's scope of discoverable material required to effectively prosecute the case" [56 at 8]. If Mr. Vickers wished to litigate discovery issues, however, he should have done so while the discovery period was open, not long after it closed and after dispositive motions were filed. In any event, Mr. Vickers had the opportunity to depose Officer Knapp and Jenkins, but there is no indication in the record that he did so, or even sought to do so. This objection is also meritless.

Third, although it is clear that Mr. Vickers objects generally to the Final Report and Recommendation, he has offered no specific objection to the conclusions that: (1) his false arrest claim is meritless because Officer Knapp had probable cause for arrest and Officer Jenkins had at least arguable probable cause; (2) his false imprisonment claim is meritless because Mr. Vickers cannot bring an "over detention" claim against these two defendants; and (3) his excessive force claim is meritless because no material exists in the record that suggests that the Defendants employed more than *de minimis* force. Because Mr. Vickers has not identified any error in the reasoning in – or distinguished the cases relied upon by – the Final Report and Recommendation, his generalized "objection" is also meritless.

4

In sum: although Mr. Vickers was released without trial after his arrest by the Defendants, that does not mean – as Mr. Vickers appears to assume it does – that his constitutional rights were ineluctably violated.  The Supreme Court has observed that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and . . . in such cases those officials . . . should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  Here, even after drawing all reasonable inferences from the undisputed material facts in favor of Mr. Vickers, Mr. Vickers has not overcome the Defendants' contention that they are entitled to qualified immunity and identified material in the record that warrants trial on his claims that his constitutional rights were violated.

Mr. Vicker's objections are **OVERRULED**.  *See* Thomas v. Arn, 474 U.S. 140, 149-50 (1985); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).  The Court **APPROVES** and **ADOPTS** the Final Report and Recommendation as the Order of the Court.  The Defendant's motion for summary judgment [44] is **GRANTED**.

To the extent that Mr. Vickers demands that the Defendants' Motion for Summary Judgment be denied because of "improper service" and/or because

5

it was filed after the original deadline for submission, *see* [46], those requests are **DENIED**. The Court earlier granted the Defendants an extension of time to file for summary judgment and similarly granted Mr. Vickers an extension of time to respond, *see* [43, 48].

**SO ORDERED**, this 19th day of August, 2013.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE